Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona  85226
tel:  (480) 517-1400
fax: (480) 517-6955
hyung@choiandfabian.com
veronika@choiandfabian.com
 Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden Scheider,<br><br>          Plaintiff,<br>     vs.<br><br>Midland Credit Management, Inc.,<br>Midland Funding DE LLC,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1.     Defendants Midland Credit Management, Inc. ("MCM") and Midland

Funding DE LLC ("Midland Funding"), debt collectors, attempted to collect

from Mr. Scheider on a debt that was never his.  Defendants' collection

attempts included sending collection letters, reporting the debt on Mr.

Scheider's credit reports, and eventually filing a lawsuit based on a "robo-

signed" affidavit.  Defendants then continued with the lawsuit, even after

they knew or should have known that the lawsuit had no basis.  Mr. Scheider

brings this action to remedy Defendants' violations of the Fair Debt

Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act

("FCRA"), and invasion of privacy.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §§1692k(d), 1681(p); and 28

U.S.C. §1337(a).

3.     Defendants are licensed to conduct business in the state of Arizona, and thus

this Court has personal jurisdiction over them and venue is proper.  28 U.S.C.

§ 1391.

## PARTIES

4.     Plaintiff Hayden Scheider ("Mr. Scheider") is a natural person residing in

Maricopa County, Arizona.

5.     Mr. Scheider is an individual and thus a  "consumer" as defined by

§ 1681a(c) of the FCRA.

6.     Defendant Midland Credit Management, Inc. ("MCM") is a Kansas

corporation, licensed to do business in Arizona.

7.     MCM is a licensed debt collector in the state of Arizona.

8.     MCM regularly collects or attempts to collect, directly or indirectly, debts

owed or due, or asserted to be owed or due, to another.

2

9.     MCM is a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

10.    Defendant Midland Funding is a Delaware corporation, licensed to do business in Arizona.

11.    Midland Funding regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

12.    Midland Funding is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### The Alleged Debt

13.    On August 26, 2007, Mr. Scheider's adult son, Matt Scheider, applied for a credit card to purchase furniture from Mega Furniture at 2700 W. Baseline Road, Tempe, AZ.

14.    Matt purchased the furniture for personal, family, or household purposes.

15.    Although the sign on the building stated Mega Furniture, some of the paperwork stated E-Z Credit Furniture.

16.    The cost of the furniture was $ 9,615.49.

17.    The purchase was supposed to be through a credit card with 6 months no interest promotion.

18.    Matt signed a credit card agreement for the purchase at E-Z Credit Furniture's manager's office.

3

19. The manager attempted to have Matt's then-wife Christine Scheider ("Christine") also sign the credit card agreement.

20. Christine refused to cosign for the credit card.

21. Matt wrote "none" in the co-signer section of the credit card agreement.

22. Mr. Scheider was unaware of Matt's purchase of the furniture.

23. Mr. Scheider had no involvement in Matt's purchase of the furniture or the credit card agreement.

24. Matt never received a credit card and never received any statements resulting from the credit card agreement.

25. Approximately a month after the purchase, Matt called E-Z Credit Furniture to find out about where he should make the payments, and he was told it takes time and that he would eventually get a credit card and a statement.

26. Matt called a few more times and was told the same thing.

27. Finally, Matt went to E-Z Credit Furniture approximately 3 months after the purchase to ask about a payment arrangement.

28. At that time, Matt noticed E-Z Credit Furniture was closed and its business appeared to be shut down.

29. Matt did not know who to contact to make the payments.

4

30.   On May 18, 2009, in preparing to file for bankruptcy, Matt obtained his credit report.

31.   Matt's credit report referenced an account as GEMB/HMDSFRN, Account No. 60346100****, balance $14,158.

32.   Matt's credit report showed inquires by GEMB and Coral Furniture made on August 26, 2007.

33.   Upon information and belief GEMB refers to GE Money Bank ("GEMB").

34.   August 26, 2007, is the day Matt purchased the furniture from E-Z Furniture Credit.

35.   Matt's credit report does not indicate the GEMB account was a joint account.

36.   On May 22, 2009, Matt filed for Chapter 7 bankruptcy with the United States Bankruptcy Court, District of Arizona.

37.   Matt listed GEMB, Account No. 60346100XXXX, as one of the creditors in his schedule F.

38.   On August 31, 2009, the GEMB Account was discharged in Matt's bankruptcy.

**GEMB and Midland's Attempts To Collect Matt's Debit Discharged in Bankruptcy from Mr. Scheider**

39.   A few weeks after Matt's bankruptcy was discharged, GEMB started sending statements and collection letters to Mr. Scheider on the "HOME DESIGN - FURNITURE/GEMB" account.

40.     GEMB also reported its account 6034610069358698 as a derogatory item in Mr. Shcheider's credit report.

41.     Mr. Scheider contacted GEMB and informed it that the account did not belong to him.

42.     Mr. Scheider also filed a police report for identity theft.

43.     GEMB continued to attempt to collect from Mr. Scheider.

44.     On January 30, 2010, MCM, on behalf of Midland Funding, sent Mr. Scheider its first letter regarding the GEMB account.

45.     MCM also reported the GEMB account as a collections account on Mr. Scheider's credit report with each of the three credit reporting bureaus.

46.     Mr. Scheider contacted MCM and the credit reporting bureaus and disputed the account.

47.     On August of 2010, Bursey & Associates, on behalf of Midland Funding and/or MCM, contacted Mr. Scheider and demanded payment for the GEMB account.

48.     Mr. Scheider sent a letter to Bursey & Associates, requesting verification and stating on it that he would not pay as he did not owe it.

49.     Defendants did not provide verification of the debt.

**Defendants File a Lawsuit**

50.     On January 26, 2010, Midland Funding filed a lawsuit against Mr. Scheider

        in Maricopa County Superior Court, *Midland Funding, LLC v. Hayden*

        *Scheider*, Case No. CV2011-090664 ("the state court proceedings").

51.     Mr. Scheider was forced to hire attorneys to defend Midland's lawsuit against

        him.

52.     Mr. Scheider served his disclosure statement on MCM's counsel on March

        30, 2011.

53.     In that disclosure statement, Mr. Scheider once again explained that the

        account belonged to his son Matt and that the account was discharged in

        bankruptcy on August 31, 2009.

54.     In connection with Midland Funding's initial disclosure statement,

        Defendants provided an "Affidavit of Indebtedness" signed by Kelly

        Ellsworth, an employee of MCM.  (Affidavit of Indebtedness attached as

        Exh. A).

55.     In the Affidavit of Indebtedness, Ms. Ellsworth averred that she had

        "personal knowledge" of Mr. Scheider's account records and has "access to

        and have reviewed the records pertaining to the account."

56. Ms. Ellsworth further averred that those records showed that defendant(s) (Mr. Scheider), opened the account with GE MONEY BANK on 2007-08-27, and that the account showed a balance of $17,077.68.

57. However, Midland Funding produced none of these supposed records in connection with its disclosure statement.

58. Midland's lawsuit against Mr. Scheider was based a "robo-signed" affidavit which was similar to the basis of a class action lawsuit, *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.*, Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio).

59. In the class action lawsuit, the court ruled that Midland violated the FDCPA and an Ohio consumer statute by filing affidavits that contained false information as to the personal knowledge of the affiant.  (Notice of Settlement is attached as Exhibit B)

60. Throughout the state court proceedings, Mr. Scheider and his counsel repeatedly informed Defendants that the GEMB account did not belong to him.

61. Although Midland Funding was willing to dismiss its claim against Mr. Scheider, it was only willing to do so if Mr. Scheider signed a global release of Midland Funding and related entities.

62.   Mr. Scheider refused, offering instead to stipulate to dismissal with an agreement that he was the prevailing part for purposes of fees and costs.

63.   Midland Funding refused.

64.   On May 10, 2011, Mr. Scheider filed a motion for summary judgment regarding the account.

65.   Mr. Scheider's motion for summary judgment explained in detail why the account did not belong to him, providing documentary support.

66.   Midland Funding did not respond to the motion for summary judgment.

67.   Midland Funding still did not dismiss the lawsuit or offer to dismiss the lawsuit.

68.   On August 1, 2011, after oral argument, the Court dismissed Midland Funding's claim with prejudice, in its entirety.  (Minute Entry attached as Exh. C).

69.   After Mr. Scheider applied for attorney's fees, the Court awarded Mr. Scheider $2,900.00 in attorney's fees (approximately ½ the requested attorney's fees) and $241.00 in costs.  (Final judgment attached as Exh. D).

70.   The award of attorney's fees did not fully cover all of Mr. Scheider's damages due to Midland's Funding's wrongfully filed lawsuit.

71.   To date, Midland has not paid Mr. Scheider's attorney's fees.

**Mr. Hayden Disputes the Account Through Transunion**

72.   In May of 2010, Mr. Scheider submitted a dispute to Transunion regarding the MCM item on his credit report.

73.   Upon information and belief, Transunion forwarded Mr. Scheider's dispute to MCM.

74.   Upon information and belief, MCM did not conduct a reasonable investigation, if any, of Mr. Scheider's dispute.

75.   Upon information and belief, MCM verified the debt.

76.   On June 5, 2010, TransUnion sent Mr. Scheider the results of its investigation, stating that new information had been added, but the account remained and was verified as of June of 2010.  (Copy of TransUnion's response attached as Exh. E).

77.   As a result of this item on Mr. Scheider's TransUnion credit report, Mr. Scheider suffered damages.

**Mr. Hayden Disputes the Account Through Equifax**

78.    In May of 2010, Mr. Scheider submitted a dispute to Equifax regarding the MCM item on his credit report.

79.   Upon information and belief, Equifax forwarded Mr. Scheider's dispute to MCM.

80.   Upon information and belief, MCM did not conduct a reasonable investigation, if any, of Mr. Scheider's dispute.

81.   Upon information and belief, MCM verified the debt.

82.   On June 3, 2010, Equifax sent Mr. Scheider the results of its investigation, stating that Equifax had verified that the MCM item belong to Mr. Scheider. (Copy of Equifax's response attached as Exh. F).

83.   As a result of this item on Mr. Scheider's Equifax credit report, Mr. Scheider suffered damages.

## CAUSE OF ACTION NO. 1: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

84.   Defendants' acts and omissions constitute violations of the FDCPA, including, but not limited to:

a.   The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e;

b.   Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. § 1692e(2)(A);

c.   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; 15 U.S.C. § 1692e(10); and,

d.   The use of unfair or unconscionable means to collect or attempt to collect any debt; 15 U.S.C. § 1692f.

85. As a result of Defendants' violations of the FDCPA, Mr. Scheider suffered damages in an amount to be determined by this Court.

86. Defendants are therefore liable to Mr. Scheider in the amount of Mr. Scheider's actual damages, statutory damages in the amount of $1,000, costs, and attorney's fees.  15 U.S.C. § 1692k(a).

## CAUSE OF ACTION NO. II: VIOLATION OF THE FCRA

87. In the entire course of its action, MCM willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a.   By failing to conduct a reasonable investigation upon Mr. Scheider's disputes of the incorrect reporting on his credit report.  15 U.S.C. § 1681s-2(b).

88. As a result of MCM's failure to comply with the FCRA, Mr. Scheider has suffered damages in an amount to be determined by this Court.

89. Mr. Scheider is therefore entitled to recover actual or statutory damages, whichever is greater, punitive damages, costs, and attorney's fees.  15 U.S.C. § 1681n.

## CAUSE OF ACTION NO. III: INVASION OF PRIVACY

90. Defendants' debt collection efforts with respect to the Mr. Scheider were unreasonable.

91.   Consequently, Defendants' acts and omissions constitute an invasion of privacy.

92.   As a result of Defendants' invasion of privacy, Mr. Scheider suffered damages in an amount to be determined by this Court.

93.   In invading Mr. Scheider's privacy, Defendants acted with an evil mind, intending to injure Mr. Scheider or consciously disregarding the substantial risk that its conduct would cause significant harm to Mr. Scheider.

94.   Mr. Scheider is therefore entitled to recover both actual and punitive damages.

## JURY DEMAND

95.   Mr. Scheider demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendants:

   a)   Actual damages;

   b)   Statutory damages;

   c)   Punitive damages;

   c)   Attorney's fees; and

   d)   Costs.

RESPECTFULLY SUBMITTED January 25, 2012.

CHOI & FABIAN, PLC


Veronika Fabian /s/
Veronika Fabian
Attorneys for Plaintiff

Exhibit A

State of ARIZONA

MIDLAND FUNDING LLC,

Plaintiff

-vs-                                           AFFIDAVIT OF KELLY ELLSWORTH

SCHEIDER,HAYDEN,

Defendant(s).

---

Kelly Ellsworth, whose business address is 16 McLeland Rd Suite101, St. Cloud, MN 56303, certifies and says:

1.     I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's GE MONEY BANK account 6034610069358698 (MCM Number 8533554692) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2.     I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

---

AFFIDAVIT OF KELLY ELLSWORTH - 1



8533554692



AFFINDEBT

3.   The account shows that the defendant(s) owed a balance of $17077.68; and I am advised that such balance will continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as required by law.

4.   Based upon my review of MCM's business records: defendant(s) opened the account with GE MONEY BANK on 2007-08-27, and the account was charged off on 2009-12-27.

I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

AUG 1 8 2010

_____
Date

_____
Kelly Ellsworth

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on ____AUG 1 8 2010____ by Kelly Ellsworth.

_____

(Seal)   CYNTHIA ANN ANDERSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2012

_____
Notary Public

My commission expires:_____

AZ7
Bursey & Associates, P.C.

AFFIDAVIT OF KELLY ELLSWORTH - 2





AFFINDEBT

Exhibit B

# YOU MAY BE ENTITLED TO MONEY
## A Federal court authorized this notice.
## This is not a solicitation from a lawyer.

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION

**If Midland Credit Management, Inc., Midland Funding, LLC, or
Encore Capital Group, Inc., or their affiliates, filed a lawsuit against you,
you may benefit from this class action settlement.**

The case is titled: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No.
3:08-cv-01434;
and related cases:
*Martha Vassalle, et al v. Midland Funding, LLC, et al,* Case No. 3:11-cv-0096; and
*Hope Franklin and Thomas Hyder v. Midland Funding, LLC et al,* Case No. 3:10-cv-0091

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY JUNE 1, 2011** | If you submit a claim form via mail or online at **www.BrentSettlement.com** by **June 1, 2011**, you will remain in the settlement class and you will be entitled to receive a cash payment from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing you will still be bound by the terms of the settlement agreement and any order the Court issues, but you will NOT receive a cash payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement.  You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1.     Why did I get this Notice?

Andrea Brent, Hope Franklin, Martha Vassalle and Jerome Johnson (collectively "Plaintiffs"), filed class action lawsuits alleging that Defendants, Midland Credit Management, Inc., Midland Funding, LLC and Encore Capitol Group, Inc. (collectively "Defendants" or "Midland"), violated the Fair Debt Collection Practices Act, ("FDCPA"), as well as state common law and consumer statutes (also collectively "the Law"), by filing lawsuits against Plaintiffs with an affidavit that allegedly contained false information. You received this notice because you have been identified from the Defendants' records as a person whom Defendants filed a lawsuit that may have included an affidavit between January 1, 2005 and March 11, 2011.

| 2. | What is this lawsuit about? |
|---|---|

In this lawsuit, the Plaintiffs claimed that Defendants violated the law by filing collection lawsuits against Plaintiffs with an affidavit that allegedly contained false information as to the personal knowledge of the affiant. The Court has already ruled that Midland violated the FDCPA and an Ohio consumer statute by filing these affidavits. The Court has also entered an injunction against Midland, which may be extended as part of this proposed settlement. However, the Court also dismissed a more recent related lawsuit brought against the Defendants that contained similar claims regarding affidavits filed in collection lawsuits. The Defendants continue to deny that their use of any of their affidavits violated the law. Finally, the Court has not held any of the underlying debts in the collection lawsuits to be invalid.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives (in this case Andrea Brent, Hope Franklin, Martha Vassalle and Jerome Johnson), sue on behalf of a group (or a "Class") of people who have similar claims.

| 4. | Why is there a settlement? |
|---|---|

In order to avoid the cost, risk, delay of litigation and uncertainty of trial, the parties agreed to settle.

| 5. | How do I know if I am a part of the settlement? |
|---|---|

The Court has decided that everyone falling under the following definition is a Class Member:

> All natural persons (a) sued in the name of Midland, (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court, (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

You have been identified as a potential member of this class.

## YOUR BENEFITS UNDER THE SETTLEMENT

| 6. | What can I get from the settlement? |
|---|---|

If you file a claim form via mail or file online at www.BrentSettlement.com by **June 1, 2011,** you will receive a portion of the class settlement fund (the "Settlement Fund") established by the Defendants. The fund will be distributed among those class members who timely return a claim form. <u>The payments are anticipated to be $10.00 per class member</u>.

| 7. | When will I receive these benefits? |
|---|---|

If you timely return a claim form or filed online, you will receive these benefits approximately forty (40) to forty-five (45) days after the settlement becomes effective.

| 8. | I want to be a part of the settlement and receive these benefits.  What do I do? |
|---|---|

You must return a complete and signed postcard claim form enclosed with this notice in order to receive a cash payment from the Settlement Fund.  You can also file online at www.BrentSettlement.com. Your claim must be submitted by **June 1, 2011**.

| 9. | What am I giving up to receive these benefits? |
|---|---|

By staying in the class, all of the Court's orders will apply to you, and you give Defendants and their affiliates a "release."  A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit, or any other claims arising out of affidavits attached or executed in support of collection complaints filed against Class Members by Defendants or any of their subsidiaries or affiliates.

| 10. | How much will the Class Representative receive? |
|---|---|

The Defendants have agreed to pay up to $8,000 to Plaintiffs from the Settlement Fund for their alleged damages and for their service as the Class Representatives. This award is subject to the Court's Approval. Defendants agree to pay this amount, but deny that their use of the affidavit violated the Law.  In addition, Defendants deny that their use of affidavits caused Plaintiffs to suffer any actual damages.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendants, then you must take steps to get out.  This is called excluding yourself.

| 11. | How do I get out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must do one of the following **no later than June 1, 2011**:

a.  Complete the enclosed postcard Claim Form.  Place a checkmark next to the statement, "I do not want to be included in the class."  Mail the signed and completed postcard to the Class Administrator.

b.  Send a letter by mail stating that you want to be excluded from *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio).  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is **postmarked no later than June 1, 2011** to the following address:

Brent v Midland Class Administrator - Exclusions
c/o Class Action Administration, Inc.
PO Box 6848
Broomfield, CO  80021

| 12. | If I exclude myself, do I still receive benefits from this settlement? |
| --- | --- |

No, but you will have the right to assert your own claims against the Defendants.  If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 13. | Do I have a lawyer in this case? |
| --- | --- |

The Court has named the law firm of Murray & Murray as Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by **June 1, 2011**.

| 14. | How will the lawyers be paid? |
| --- | --- |

The Defendants have agreed not to oppose, and the Court has preliminarily approved, the payment to Class Counsel in the amount of $1.5 million as attorney fees, subject to any final approval after the Fairness Hearing.

## CLASS COUNSEL'S VIEW ABOUT THE SETTLEMENT

| 15. | Is this a fair settlement? |
| --- | --- |

Class Counsel believes that this settlement is fair.  The claims asserted on behalf of the class against the Defendants are under the FDCPA, the common law and state consumer statutes.   The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual FDCPA action, the person bringing the suit under the FDCPA may recover (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $1,000.  In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members and (ii) the lesser of 1% of the defendant's net worth or $500,000.  The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party.  In either an individual or a class action, the person bringing the suit can also seek to recover actual damages and attorney's fees and the expenses of prosecuting the suit.  Various state common law and/or consumer statutes may offer additional recovery.

In this case, class members who

Case 2:12-cv-00171-GMS Document 1 Filed 01/25/12 Page 23 of 36    4

Questions? Visit www.BrentSettlement.com or call 1-888-207-0454

In this case, class members who timely return a claim form will receive approximately $10.00 per person. In addition to these payments, Defendants have agreed in the settlement to implement procedures for generating and using affidavits in debt collection lawsuits, to ensure that they do not use affidavits that contain false information as to the personal knowledge of the affiant. The settlement agreement provides that these new procedures must be reviewed and approved by a Retired Federal Judge. Prior to the settlement, Defendants implemented procedures that they believe comply with this requirement.

In light of the violations alleged, and the fact that Defendants have already changed their procedures to ensure that they do not use affidavits that contain false information as to the personal knowledge of the affiant, class counsel believes this is a fair settlement.

| 16. | What is the Defendants' view of this settlement? |
| --- | --- |

As stated above, by settling this lawsuit, the Defendants are not admitting that they have done anything wrong. The Defendants expressly deny the claims asserted by the plaintiff and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

| 17. | How do I tell the Court that I do not like the Settlement? |
| --- | --- |

If you are a Class Member, you can comment on the settlement. In order to object to the settlement you must send a letter (or legal brief) stating that you object and state the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio), your name, address, telephone number and your signature. You must mail any written objection so that it is postmarked no later than **June 1, 2011** to: Judge David A. Katz, 1716 Spielbusch, Room 307, Toledo, OH 43624-1363. Regardless of whether you submitted a written objection, you may appear at the fairness hearing (explained below in answer to question no. 18).

You must also send a copy of your objection to Murray & Murray, Attn: Rhonda Rice, 111 East Shoreline Drive, Sandusky, OH 44870-2517. Be sure to include the name and number of the case on your written comment.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 18. | Where and when is the fairness hearing? |
| --- | --- |

The Court will hold a fairness hearing on July 11, 2011, at 10:30 a.m. in the courtroom of Judge Katz. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for

the Class Counsel.  At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

### YOU <u>ARE NOT</u> REQUIRED TO ATTEND THIS HEARING.

## GETTING MORE INFORMATION

| 19. | How do I get more information? |
|-----|-------------------------------|

You can call **the Class Administrator** at 1-888-207-0454 or visit **www.BrentSettlement.com** if you have any questions.  Before doing so, please read this full notice carefully.

| 20. | What if I have a new address? |
|-----|-------------------------------|

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately call the Class Administrator toll free at 1-888-207-0454 or send a letter to the below address:

> Brent v Midland Class Administrator
> c/o Class Action Administration, Inc.
> PO Box 6848
> Broomfield, CO  80021

### DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

Exhibit C

Michael K. Jeanes, Clerk of Court
*** Filed ***
08/01/2011 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2011-090664                                     07/29/2011


                                     CLERK OF THE COURT
HON. JOHN R. DITSWORTH                      M. Brady
                                            Deputy


MIDLAND FUNDING L L C              BARRY BURSEY

v.

HAYDEN SCHEIDER                    HYUNG S CHOI




### DISMISSAL MINUTE ENTRY




Courtroom 203 – SEA




    1:35 p.m. This is the time set for oral argument on Defendant Hayden Schneider's Motion for Summary Judgment. Counsel, Brad Holland, appears telephonically on behalf of Plaintiff, Midland Funding. Counsel, Hyung Choi, appears on behalf of Defendant Schneider.

    A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

    Pursuant to discussion,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2011-090664                                      07/29/2011

**IT IS ORDERED** dismissing this matter with prejudice. Counsel shall submit an application for reasonable attorney fees.

1:34 p.m. Hearing concludes.

DATED this 29th day of July, 2011.


/ s / HON. JOHN R. DITSWORTH

_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

**NOTE: All Court proceedings are recorded by audio method and not by a court reporter. Any party may request the presence of a court reporter by contacting the division three (3) court business days before the scheduled hearing.**

ALERT:  eFiling through AZTurboCourt.gov is mandatory in civil cases for attorney-filed documents effective May 1, 2011.  See Arizona Supreme Court Administrative Orders 2010-117 and 2011-010.  The Court may impose sanctions against counsel to ensure compliance with this requirement after May 1, 2011.

Exhibit D

1  Hyung S. Choi, State Bar #015669
2  Veronika Fabian, State Bar #018770
   CHOI & FABIAN, PLC
3  90 South Kyrene Rd., Suite #5
   Chandler, AZ 85226
4  (480) 517-1400
5  Attorneys for Defendant Hayden Scheider

6                    ARIZONA SUPERIOR COURT
7                        MARICOPA COUNTY

8
   MIDLAND FUNDING LLC,                    No. CV2011-090664
9        Plaintiff,
                                           **JUDGMENT**
10
11 vs.

12 HAYDEN SCHEIDER,

13      Defendant.

14

15     It is ordered that judgment is entered in favor of the Defendant HAYDEN
16 SCHEIDER, and against Defendant MIDLAND FUNDING LLC, for the following:

17     1.   Taxable Costs in the amount of $ _241.00_ ;
18
19     2.   Attorneys Fees in the amount of $ _2900.00_ ; and

20     4.   And interest on the Costs and Attorney's fees at the legal rate from
21          today until paid.

22     DONE IN OPEN COURT this _25_ day of September, 2011.

23                              MARICOPA COUNTY SUPERIOR COURT
24
25
26
27                              Honorable John R. Ditsworth
28

Exhibit E



PO Box 2000
Chester, PA 19022

06/05/2010    Trans**Union**.

P14L4M00200123-I000489-010613550

HAYDEN C. SCHEIDER

Redacted

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.custhelp.com

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| PERSONAL INFORMATION | | NEW INFORMATION BELOW |
| MIDLAND CREDIT MGMT INC | # 8533554692 | NEW INFORMATION BELOW |
| 8875 AERO DR STE 200 | | |
| SAN DIEGO,CA  92123 | | |
| 800-265-8825 | | |

**TransUnion Personal Credit Score**
HAYDEN C. SCHEIDER



| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score<br>**Not Purchased**<br>(See Below)<br><br>Grade<br>-<br><br>Created on<br>06/05/2010 | A 990<br>A 900<br>B 800<br>Unavailable C<br>(See Below) 700<br>D 600<br>F 501 | Unavailable 100%<br>(See Below) 50%<br>0% |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 990 to 501 equaling grade ranges from A to F. | Your credit ranks higher than --% of the nation's population. |

### About your TransUnion Personal Credit Score

Your TransUnion Personal Credit Score is displayed above, and was calculated with the VantageScore credit scoring formula. Your credit score is a snapshot of the contents of your credit report at the time the score was calculated. Using objective, impartial formulas to translate the contents of your credit report into a 3-digit score enables lenders to evaluate your application for credit in a fast, fair and more objective manner. Remember, we constantly update the information contained in your credit report, so your TransUnion Personal Credit Score only represents the score a lender would receive if they requested it today.

### Summary

You did not order a TransUnion credit score. You can purchase your credit score for $7.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

### Answers About Credit Scores

• **How are credit scores used?**
A credit score is just one of several factors a company usually uses when deciding to extend credit, give insurance coverage or provide financial services to you. A variety of other factors will be considered, such as length of employment, income or previous experience with you. Depending on what you are applying for, different companies weigh each of these factors differently. By using a credit score, they can evaluate your application quickly, fairly and consistently.

• **How can I improve my credit score?**
A credit score is a snapshot of the contents of your credit report at the time it was calculated. Long-term, responsible credit behavior is the most effective way to improve future scores. Pay bills on time, lower balances and use credit wisely to improve your score over time. You should also review your credit report to ensure it is accurate.

• **How do inquiries affect my credit score?**
When your credit is checked by a business for the purpose of an application a 'hard inquiry' appears on your credit report. These inquiries can affect your credit score; and typically they have only a small impact. Delinquencies, balances owed, and the length of time you have used credit are all more important. Inquiries have a greater impact if you have a limited credit history.

### Additional Information

The TransUnion Personal Credit Score is provided to help you better understand how lenders view your credit report. It is not an endorsement or a determination of your qualification for a loan. The VantageScore credit scoring model used for this Score Analysis is not necessarily the same scoring model that may be used by a lender. The resulting credit score may not be identical in every respect to any consumer credit score produced by any other company. Any credit information that has not yet been reported to TransUnion will not be reflected in your consumer disclosure or score. Also, some items disputed directly with creditors are not incorporated in the assessment of your credit score.

# Protect Yourself From Identity Theft

Each year, **9 million people** become victims of identity theft. Protect yourself. It's easy. We'll **email you within 24 hours** of any critical changes to your credit report.

You'll swiftly find out about:
• **fraudulent activity**
• **new inquiries**
• **new accounts**
• **late payments**
• *and more*

Sign up now at:
**www.truecredit.com/protect**

\* Source: The FTC's national education campaign -- *AvoID Theft: Deter, Detect, Defend.*

| | |
|---|---|
| **File Number:** | 210987236 |
| **Page:** | 1 of 1 |
| **Date Issued:** | 06/05/2010 |

**TransUnion.** 

## Personal Information

**Name:**      HAYDEN C. SCHEIDER

You have been on our files since 07/1986

**SSN:**                 XXX-XX-Redacted
**Date of Birth:**   Redacted
Your SSN is partially masked for your protection.

### CURRENT ADDRESS

**Address:**            Redacted
**Date Reported:**  11/2002

### PREVIOUS ADDRESS

**Address:**            Redacted
**Date Reported:**  11/1998
**Address:**            Redacted

### EMPLOYMENT DATA REPORTED

**Employer Name:**   AT C PHENCIX
**Date Reported:**    05/2005

**Position:**   BUS DRIVER
**Hired:**

**Employer Name:**   PHOENIX TRANSIT
**Date Reported:**    12/2000

**Position:**
**Hired:**

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in ›brackets‹ or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

### MIDLAND CREDIT MGMT INC #8533554692

8875 AERO DR STE 200
SAN DIEGO, CA 92123
(800) 265-8825

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 01/2010
Estimated date that this item will be removed:  05/2016

**Balance:**                 $18,158
**Date Verified:**          06/2010
**Original Amount:**    $17,078
**Original Creditor:**   GE MONEY BANK
**Past Due:**                ›$18,158‹

**Pay Status:**          ›COLLECTION ACCOUNT‹
**Account Type:**     OPEN ACCOUNT
**Responsibility:** INDIVIDUAL ACCOUNT
**Date Closed:**        05/2010

- End of investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

Exhibit F

# EQUIFAX

P. O. Box 105518
Atlanta, GA 30348

**CREDIT FILE : June 3, 2010**
**Confirmation # 0153018555**

04566

000833554-4566
Redacted Hayden Craig Scheider

Dear Hayden Craig Scheider:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8835 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

**>>> We have reviewed your concerns and our conclusions are:**

The disputed gemb/home design furniture account number 6034610069358698 is currently not reporting on your credit File.

### Credit Account Information
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| --- | --- | --- | --- |
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

**>>> We have researched the credit account. Account # - 853355* The results are:** Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Midland Credit Management, 8875 Aero Dr Ste 200, San Diego  CA 92123-2255**

### Midland Credit Management   8875 Aero Dr Ste 200 San Diego CA 92123-2255

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Description | | Creditor Classification | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 853355* | 01/2010 | $17,078 | $0 | | | 1 | | | | |

| | Amount Past Due | Date of Last Paymt | Actual Paymt Amount | Scheduled Paymt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Paid | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | $18,158 | | $0 | $0 | 06/2009 | | 03/2010 | $0 | | $0 | | |

| Items As of Date Reported | Balance Amount |
| --- | --- |
| 06/2010 | $18,158 |

Current Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;

| Account History with Status Codes | 05/2010 G |
| --- | --- |

( Continued On Next Page )

0153018555|GO-000833554- 4566 - 6165 - AS

## Notice to Consumers

Upon receipt of your dispute, we first review and consider the relevant information you have submitted regarding the nature of your dispute. If the review does not resolve your dispute and further investigation is required, notification of your dispute, including the relevant information you submitted, is provided to the source that furnished the disputed information. The source reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us. The credit reporting agency then makes deletions or changes to your credit file as appropriate based on the results of the reinvestigation. The name, address and, if reasonably available, the telephone number of the furnisher(s) of the information contacted while processing your dispute(s) is shown under the "Results of Your Investigation" section on the cover letter that accompanies the copy of your revised credit file.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words (two hundred words for Maine residents), explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

( End Of Report )

Page 2 of 2

0153018555IGO-00083354- 4566 - 6165 - AS