UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Hayden Scheider,<br><br>    Plaintiff,<br><br>vs.<br><br>Midland Credit Management Incorporated; and Midland Funding DE LLC,<br><br>    Defendants. | Case No. 2:12-cv-00171-GMS<br><br>**PROPOSED PROTECTIVE ORDER** |

The parties, by their respective counsel, having agreed upon the terms and conditions of a confidentiality and protective order, it is therefore

Ordered that pursuant to Fed. R. Civ. P., Rule 26(c), the following provision shall govern the handling of such confidential information and documents in this action:

1.   In the course of these proceedings, the parties are likely to exchange documents and information which they deem to be confidential and/or proprietary.  This order is intended to provide a mechanism for the handling of confidential information and documents either through the discovery process

or in connection with the filing of pleadings with this Court.

2. A document may be "confidential" and subject to the terms of this protective order if it: 1) contains any of the personal identifiers set forth in Arizona Federal District Court's Section I(E)(1)(a)-(e) of the Court's Electronic Case Filing Administrative Policies and Procedures Manuel ("Privacy Information"), or 2) constitutes trade secrets, proprietary data and/or commercial or financial information which a party has maintained in confidence and meets the good cause standard set forth in Rule 26(c). The inclusion of any particular document or subject matter listed above shall not indicate that the Court has ruled that such material is discoverable or admissible.

3. A producing party may designate documents as "confidential" only if it in good faith believes there is "good cause" under the standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure.

4. Any party may at any time object to the designation of any information as "Confidential." Should the producing party and the objecting party be unable to resolve informally any such objection, the producing party through counsel may submit such dispute to the Court for resolution within ten (10) business days, excluding Saturdays, Sundays, and court holidays, after receiving written notice from the objecting party that the parties are unable to resolve the

dispute. If the producing party does not submit the dispute to the Court within that time, the confidential information will no longer remain confidential. However, until the Court resolves the dispute, the disputed information shall be treated as confidential.

5. Each Party or non-party that designates information or items for protection under this Order may take care to limit any such designation to specific material that qualifies under the appropriate standards.

6. If the producing party is to mark a document "Confidential," it must number consecutively (or Bates stamp) all documents it provides in discovery including the document the producing party seeks to maintain as confidential.

7. All documents, transcripts, or other materials subject to this Order and all information derived from them shall not be used by any person for any business, commercial competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

8. Except with the prior written consent of the individual or entity asserting confidential treatment, no information may be disclosed except to the Court and:

   a. parties to this litigation;

   b. counsel of record and employees of counsel who are assigned to this

case;

c. fact witnesses;

d. experts retained for this case;

e. consultants; and

f. current temporary employees of counsel of record.

9. If confidential information submitted in accordance with this Stipulation and Order is disclosed to any person other than in the manner authorized by this order, the party responsible for the disclosure must immediately bring all pertinent facts relating to the disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

10. If a party filing a non-dispositive motion seeks to file documents under seal, the filing party must show that good cause exists as defined by Rule 26(c) to file such document under seal.

11. If a party filing a dispositive motion seeks to file documents under seal, the filing party must show that "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792 (9th Cir. 2007).

12. Should the filing party believe that Confidential Material produced in discovery does not meet the "good cause" or "compelling reasons" standards set forth in the *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2009), to require the filing of the Confidential Material under seal, that party shall notify the Producing Party in writing of the objection. The Producing party must then set forth its reasons why it believes the filing of the Confidential Material under seal is proper. Within 10 business days of any such objection, the interested parties or other persons shall attempt in good faith to resolve such disagreements. If no agreement is reached, the Producing Party may file a motion requesting the Court to determine whether the Confidential Material should be filed under seal.

13. Within sixty (60) days after final termination of this litigation, and upon the written request by the party who designated the materials confidential, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Stipulation and Order, including any extracts, summaries, or compilations taken from them; but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished the same at the expense of the party requesting return of the documents.

14. Nothing in this Order affects the rights of any party with respect to its own

documents or to information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

15. Nothing in this Order pertains to making any settlement agreement confidential.

16. Nothing set forth in this Order prohibits the use at trial and deposition of any information designated as "Confidential." The parties agree to enter into, after the close of discovery and before the final pretrial conference, a separate agreed protective order regarding confidentiality addressing the use of Confidential Information at trial.

IT IS SO ORDERED.

_____    _____
[Date]                           Hon. Murray Snow
                                 United States District Court Judge